# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELECTROLYSIS PREVENTION SOLUTIONS LLC,<br><br>                         Plaintiff,<br><br>v.<br><br>DAIMLER TRUCK NORTH AMERICA LLC,<br><br>                         Defendant.<br><br><br>LIT-US CHISUM 22-B LLC,<br><br><br>                         Movant. | C.A. No. _____ |

**NON-PARTY LIT-US CHISUM 22-B LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO QUASH SUBPOENAS AND MOTION TO TRANSFER MOTION TO QUASH TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN <u>DISTRICT OF NORTH CAROLINA</u>**

Dated: February 20, 2023

OF COUNSEL:
Timothy E. Grochocinski
Illinois Bar No. 6295055
C. Austin Ginnings
New York Bar No. 4986691
NELSON BUMGARDNER CONROY PC
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
P. 708.675.1974
tim@nelbum.com
austin@nelbum.com

EDWARD R. NELSON III
Texas Bar No. 0079714
NELSON BUMGARDNER CONROY PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
P. 817.377.9111
ed@nelbum.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*ATTORNEYS FOR NON-PARTY*
*LIT-US CHISUM 22-B LLC*

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................... 1

II.     FACTUAL BACKGROUND ..................................................................................... 2

        A.      EPS's Infringement Case Against DTNA ...................................................... 2

        B.      EPS and LUSC 22-B's Financing Transaction .............................................. 2

        C.      DTNA's Subpoenas to LUSC 22-B ................................................................ 3

III.    LEGAL STANDARDS ............................................................................................. 4

        A.      Relevance and Undue Burden for Subpoenas ................................................ 4

        B.      Irrelevance of Litigation Finance Information ............................................... 5

        C.      Failing to First Seek the Information Via Party Discovery is Grounds to
                Quash a Subpoena ........................................................................................... 6

        D.      Quashing Subpoenas Seeking Information Protected by Work Product and/or
                Common Interest ............................................................................................. 7

IV.     ARGUMENT ............................................................................................................ 8

        A.      DTNA's Subpoenas Should Be Quashed Because They Present an Undue
                Burden on LUSC 22-B By Seeking Irrelevant Information. ........................... 8

        B.      DTNA's Subpoenas Should be Quashed Because DTNA Did Not Exhaust
                Its Options With EPS, a Party to the Case, Before Seeking the Information
                that is the Subject of the Non-Party Subpoenas. ......................................... 12

        C.      DTNA's Subpoenas Should Be Quashed Because They Seek Information
                Protected by the Work Product and/or Common Interest Doctrines. ........... 13

V.      CONCLUSION ....................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Akande v. Graser*,
    No. 08-CV-188, 2010 WL 3613912 (D. Conn. Sept. 3, 2010)............................5

*Art Akaine LLC., v Art & Soulworks LLC*,
    No. 19 C 2952, 2020 WL 5593242 (N.D. Ill. Sept. 18, 2020)..............................5, 7, 9, 13

*AVM Techs. LLC v Intel Corp.*,
    No. 15-33-RGA, 2017 WL 1787562 (D. Del. May 1, 2017)...........................................5, 9

*Benitez v. Lopez*,
    No. 17-CV-3827-SJ-SJB, 2019 WL 1578167 (E.D.N.Y. Mar. 14, 2019)................5, 9, 10

*Bhatt v. Lalit Patel Physician P.C.*,
    No. 18-CV-2063-ILG-SJB, 2020 WL 13048694 (E.D.N.Y. Oct. 19, 2020).....................5

*Cantrell v. U.S. Bioservices Corp.*,
    No. 09-mc-0158-CV-W-GAF, 2009 WL 1066011 (W.D. Mo. Apr. 21, 2009) .................6

*Carlyle Inv. Mgmt. L.L.C. v. Moonmouth Co. S.A.*,
    No. CV 7841-VCP, 2015 WL 778846 (Del. Ch. Feb. 24, 2015)...................................7, 13

*Cont'l Circuits LLC v Intel Corp.*,
    435 F. Supp. 3d 1014 (D. Ariz. 2020) ........................................................................7, 13

*Davis v. Pinterest,*
    No. 19-cv-07650-HSG (TSH), 2021 WL 3044958 (N.D. Cal. July 20, 2021).............7, 12

*Ebert v. C.R. Bard, Inc.*,
    No. 1:13-MC-277, 2014 WL 1365889 (M.D. Pa. Apr. 17, 2014) ......................................4

*Electrolysis Prevention Sols. LLC v. Daimler Truck N. Am.*,
    No. 3:21-cv-171 (W.D.N.C.) ...........................................................................................2

*Enviropak Corp. v. Zenfinity Capital, LLC*,
    No. 4:14CV00754 ERW, 2014 WL 4715384 (E.D. Mo. Sept. 22, 2014) ..........................6

*Fulton v. Foley*,
    No. 17-CV-8696, 2019 WL 6609298 (N.D. Ill. Dec. 5, 2019)....................................7, 13

*General Parts Distribution, LLC v. Perry*,
    No. 12-mc-93 (SRN/SER), 2013 WL 3223374 (D. Minn. June 25, 2013) ........................6

*Genesis Abstract, LLC v. Bibby*,
No. 17-302 (RBK/AMD), 2017 WL 1382023 (D.N.J. Apr. 18, 2017)............................14

*Genus Lifesciences Inc. v. Lannett Co., Inc.*,
No. 18-cv-07603-WHO, 2019 WL 7313047 (N.D. Cal. Dec. 30, 2019).....................7, 12

*Green v. Cosby*,
314 F.R.D. 164, 169 (E.D. Pa. 2016) ..............................................................................11

*Haworth, Inc. v. Herman Miller, Inc.*,
998 F.2d 975, 978 (Fed. Cir. 1993).....................................................................................7

*In re Bestwall LLC*,
No. 21-141-CFC, 2022 WL 4465202 (D. Del. Sept. 26, 2022)...................................14, 15

*In re TQ Delta*,
No. CV 17-MC-328-RGA, 2018 WL 5033756 (D. Del. Oct. 17, 2018) ...........................4

*In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prod. Liab. Litig.*,
405 F. Supp. 3d 612 (D.N.J. 2019) ..............................................................................5, 9

*Ingersoll v. Farmland Foods, Inc.*,
No. 10-6046-CV-SJ-FJG, 2011 WL 1131129 (W.D. Mo. March 28, 2011)......................6

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
No. 12-CV-9350 VM KNF, 2015 WL 5730101 (S.D.N.Y. Sept. 10, 2015) .................5, 9

*Lambeth Magnetic Structures, LLC v Seagate Tech. (US) Holding, Inc.*,
No. 16-CV-0538, 2018 WL 466045 (W.D. Pa. Jan. 18, 2018)....................................7, 13

*Miller UK Ltd. v. Caterpillar, Inc.*,
17 F. Supp. 3d 711 (N.D. Ill. 2014) ....................................................................5, 7, 9, 13

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
No. 14-CV-03657-SI, 2019 WL 118595 (N.D. Cal. Jan. 7, 2019) ..................................5, 9

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
No. 2:07-CV-565-TJW-CE, 2011 WL 1714304 (E.D. Tex. May 4, 2011)..................7, 13

*North Atlantic Op. Co., Inc. v. Dunhuang Group*,
No. 18-mc-154-LPS, 2018 WL 3381300 (D. Del. July 11, 2018)....................................14

*Odyssey Wireless, Inc. v. Samsung Elecs. Co.*,
No. 3:15-cv-01738-H (RBB), 2016 WL 7665898 (S.D. Cal. Sept. 20, 2016)..............7, 13

*Precourt v. Fairbank Reconstruction Corp.*,
280 F.R.D. 462 (D.S.D. 2011) ............................................................................................6

*Soto v. Castlerock Framing & Transp., Inc.*,
    282 F.R.D. 492 (E.D. Cal. 2012) .................................................................7, 12

*Space Data Corp. v. Google LLC*,
    No. 16-CV-03260 BLF (NC), 2018 WL 3054797 (N.D. Cal. June 11, 2018) ...............5, 9

*Uniloc USA, Inc. v. Apple, Inc.*,
    No. C 18-00358 WHA, 2020 WL 7122617 (N.D. Cal. Dec. 4, 2020) .............................6

*United Access Techs., LLC v AT&T Corp.*,
    No. CV 11-338-LPS, 2020 WL 3128269 (D. Del. June 12, 2020)..................................5, 9

*United States v. Ocwen Loan Servicing, LLC*,
    No. 4:12-CV-543, 2016 WL 1031157 (E.D. Tex. Mar. 15, 2016) ...............................7, 13

*Viamedia, Inc. v Comcast Corp.*,
    No. 16-cv-5486, 2017 WL 2834535 (N.D. Ill. June 30, 2017)......................................7, 13

*Walker Digital, LLC v Google, Inc.*,
    2013 WL 9600775 (D. Del. Feb. 12, 2013) ....................................................................7, 13

*Worldview Ent. Holdings, Inc. v. Woodrow*,
    204 A.D.3d 629 (N.Y. App. Div. 1st Dept. 2022) ............................................................5

## **Rules**

Fed. R. Civ. P. 26(b)(1)...................................................................................................11

Fed. R. Civ. P. 45(d)(1)...................................................................................................11

Fed. R. Civ. P. 45(d)(3)(A)(iii).........................................................................1, 7, 8, 13

Fed. R. Civ. P. 45(d)(3)(A)(iv)............................................................................1, 8, 12

Fed. R. Civ. P. 45(f)..........................................................................................................1, 13

# I.    INTRODUCTION

Non-party US-Lit Chisum 22-B LLC ("LUSC 22-B") respectfully requests that the Court quash the document and deposition subpoenas served on LUSC 22-B by Defendant Daimler Truck North America LLC ("DTNA") on February 9, 2023.  As discussed in detail below, those subpoenas seek documents and testimony concerning a litigation financing arrangement between LUSC 22-B and Plaintiff Electrolysis Prevention Solutions LLC ("EPS").  Courts have repeatedly held that discovery concerning such financing arrangements are not relevant to the claims or defenses of any party and that many such documents are protected by the work product and/or common interest doctrines.  The subpoenas also seek documents and information related to LUSC 22-B's business, which likewise has no relevance to any claims or defenses in this case.

In addition, the subpoenas seek information that is in the possession of EPS, yet DTNA has not exhausted its options with respect to obtaining this information from EPS.  Instead, DTNA opted to inconvenience and burden LUSC 22-B, a non-party, before exhausting its options with respect to EPS, a party to the case.  Given this, and the irrelevant nature of the requested documents and information (and the work product and common interest protections many of them are entitled to), these subpoenas therefore present an undue burden on LUSC 22-B and should be quashed.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).

LUSC 22-B is filing this motion to quash in the U.S. District Court for the District of Delaware (as required by Federal Rule of Civil Procedure 45) because LUSC 22-B is a Delaware LLC and the subpoenas specify Delaware as the place for compliance.  LUSC 22-B consents to transfer of this motion to the U.S. District Court for the Western District of North Carolina ("WDNC"), where the underlying patent infringement case is pending.  Accordingly, LUSC 22-B respectfully requests that the Court transfer this motion to that court for resolution pursuant to Federal Rule of Civil Procedure 45(f).

1

## II. FACTUAL BACKGROUND

### A. EPS's Infringement Case Against DTNA

EPS filed its Complaint against DTNA on April 19, 2021 in the WDNC, accusing DTNA of infringing U.S. Reissue Patent No. RE47,494 (the "Patent-in-Suit") through the making, using, offering for sale, selling, and/or importing of certain radiators for motor vehicles. *See generally Electrolysis Prevention Sols. LLC v. Daimler Truck N. Am.*, No. 3:21-cv-171 (W.D.N.C.) ("Litigation"), ECF 1 (Complaint). The Patent-in-Suit is owned by the inventor (Mr. Frank Catalano); EPS is the exclusive licensee of the Patent-in-Suit, and Mr. Catalano is the sole member of EPS. Ginnings Decl., ¶¶ 3-5.[1]

The parties have exchanged infringement and invalidity contentions, the WDNC court has issued a claim construction order, and fact discovery is scheduled to close on March 17, 2023. Trial is currently scheduled to begin on January 2, 2024.

### B. EPS and LUSC 22-B's Financing Transaction

DTNA has served various discovery requests seeking documents and information about EPS and/or Mr. Catalano's agreements with others concerning the Patent-in-Suit and/or the Litigation. Exs. 5, 6. As EPS informed DTNA in its responses to those requests, in September 2022, EPS entered into a litigation financing arrangement with LUSC 22-B but indicated to DTNA that information about that transaction is not relevant to any claim or defense at issue in this case. Exs. 5, 6.

DTNA has not met and conferred with EPS regarding EPS's objections and has not moved to compel any such discovery from EPS. During a meet-and-confer prior to filing this motion, counsel for DTNA indicated that DTNA intended to seek this discovery through "all avenues" but

---

[1] "Ginnings Decl." refers to the Declaration of C. Austin Ginnings filed concurrently herewith. "Ex." refers to the exhibits to that declaration.

would not commit to whether DTNA planned to move to compel this information from EPS. Ginnings Decl., ¶ 14.

### C. DTNA's Subpoenas to LUSC 22-B

On February 6, 2023 (the next business day after EPS served its discovery responses referencing its financing transaction with LUSC 22-B), DTNA gave EPS notice that it intended to serve subpoenas on LUSC 22-B, seeking documents and deposition testimony concerning an array of topics related to LUSC 22-B's financing arrangement with EPS. *See generally* Exs. 1, 2 (subpoenas), 7 (DTNA's notice). DTNA served those subpoenas on February 9, 2023. For example, DTNA's subpoenas seek documents and testimony concerning EPS's financing transaction with LUSC 22-B. *See, e.g.*, Ex. 1 at Request Nos. 6 (seeking "All Documents Concerning an Agreement dated as of September 29, 2022 relating to the Patent-in-Suit or any Related Patent"), 7 (seeking "All Documents Concerning payments or other consideration made by or transferred in any manner by You to EPS . . . "), 11-12 (seeking similar documents concerning payments/investment), 13 (seeking "All Documents Concerning any agreements relating to the enforcement of the Patent-in-Suit, the funding of This Litigation or the distribution of proceeds, if any, from This Litigation; *see also, e.g.*, Ex. 2 at Topic Nos. 4, 5, 10-12 (seeking testimony concerning similar issues). Similarly, DTNA's subpoenas seek documents and information related to negotiation of and due diligence concerning the financing transaction. *See, e.g.*, Ex. 1 at Request Nos. 1-3 (seeking communications between EPS and LUSC 22-B), 14 (seeking "All Documents Concerning any discussions, meetings, presentations, or Communications regarding any accused DTNA product or This Litigation"), 15 (seeking "Documents sufficient to detain any pre-suit research, testing, or analysis of DTNA's radiator products for potential infringement of the Patent-in-Suit); *see also, e.g.*, Ex. 2 at Topic Nos. 1-3, 9, 13, 14 (seeking testimony concerning similar issues). DTNA's subpoenas also seek documents

3

and information concerning LUSC 22-B's members and business interests (*see* Ex. 1 at Request Nos. 8, 9; Ex. 2 at Topic Nos. 6, 7) and seeking information from LUSC 22-B on contention-type issues in the litigation (*see* Ex. 1 at Request Nos. 16-19; Ex. 2 at Topic Nos. 15-21).

LUSC 22-B served written objections to the subpoenas on February 20, 2023. *See generally* Exs. 3, 4. In those objections, LUSC 22-B disputed the relevance of the documents and information sought by DTNA's subpoenas. The parties (including Delaware counsel) met and conferred on February 20, 2023 concerning the subpoenas. Ginnings Decl., ¶ 14. During that meet-and-confer, DTNA's counsel asserted that the documents and information it seeks are potentially relevant to issues of standing and damages because DTNA incorrectly believes some ownership interest in the Patent-in-Suit was transferred as a result of EPS's transaction with LUSC 22-B. *Id.*, ¶ 15. The Patent Security Agreement does not transfer any ownership interest in the Patent-in-Suit, and during the meet and confer DTNA's counsel was informed that Mr. Catalano has always been and remains the sole owner of the Patent-in-Suit. *Id.*; Ex. 9, Patent Security Agreement. DTNA's counsel also alleged that this discovery was potentially relevant to Mr. Catalano's credibility but was not able to provide any further specificity on this point. Ginnings Decl., ¶ 16.

## III. LEGAL STANDARDS

### A. Relevance and Undue Burden for Subpoenas

Federal Rule of Civil Procedure 45(d) provides that a district court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Courts have routinely held that subpoenas which seek documents or testimony on matters that are not relevant to any party's claim or defense (*see* Fed. R. Civ. P. 26(b)(1)) present an undue burden under Rule 45. *See, e.g.*, *In re TQ Delta*, No. CV 17-MC-328-RGA, 2018 WL 5033756, at *2 (D. Del. Oct. 17, 2018) (citing *Ebert v. C.R. Bard, Inc.*, No. 1:13-MC-277, 2014 WL 1365889, at *2 (M.D. Pa.

Apr. 17, 2014)) ("When analyzing whether a subpoena places an undue burden on a nonparty, courts consider issues such as relevance, the requesting party's need for the documents, the breadth of the request, the time period covered, the particularity with which the documents are described, and the burden imposed in responding."); *Bhatt v. Lalit Patel Physician P.C.*, No. 18-CV-2063-ILG-SJB, 2020 WL 13048694, at *2 (E.D.N.Y. Oct. 19, 2020) (citing *Akande v. Graser*, No. 08-CV-188, 2010 WL 3613912, at *1 (D. Conn. Sept. 3, 2010)).

### B. Irrelevance of Litigation Finance Information

Courts around the country have concluded that information concerning a plaintiff's litigation financing is not relevant to any party's claims or defenses and have refused discovery on such issues. *See, e.g.*, *Art Akaine LLC., v Art & Soulworks LLC*, No. 19 C 2952, 2020 WL 5593242, at *6 (N.D. Ill. Sept. 18, 2020); *United Access Techs., LLC v AT&T Corp.*, No. CV 11-338-LPS, 2020 WL 3128269, at *2 (D. Del. June 12, 2020); *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prod. Liab. Litig.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019); *Benitez v. Lopez*, No. 17-CV-3827-SJ-SJB, 2019 WL 1578167, at *1 (E.D.N.Y. Mar. 14, 2019); *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019); *Space Data Corp. v. Google LLC*, No. 16-CV-03260 BLF (NC), 2018 WL 3054797, at *1 (N.D. Cal. June 11, 2018); *AVM Techs. LLC v Intel Corp.*, No. 15-33-RGA, 2017 WL 1787562, at *3 (D. Del. May 1, 2017); *VHT, Inc. v. Zillow Grp., Inc.*, No. C15-1096JLR, 2016 WL 7077235, at *1 (W.D. Wash. Sept. 8, 2016); *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV-9350 VM KNF, 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10, 2015); *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 721 (N.D. Ill. 2014); *Worldview Ent. Holdings, Inc. v. Woodrow*, 204 A.D.3d 629, 630 (N.Y. App. Div. 1st Dept. 2022).

Similarly, courts have rejected arguments that discovery into litigation financing arrangements is relevant to the consideration of standing. *See, e.g.*, *MLC*, 2019 WL 118595, at

*1; *VHT*, 2016 WL 7077235, at *1. The lone exception is *Uniloc USA v. Apple*, in which a district court found discovery was appropriate because the court determined that plaintiff's default under the financing agreement gave the funder broad licensing rights in the patents at issue, eliminating the plaintiff's standing to sue for infringement. *Uniloc USA, Inc. v. Apple, Inc.*, No. C 18-00358 WHA, 2020 WL 7122617, at *7 (N.D. Cal. Dec. 4, 2020).

### C. Failing to First Seek the Information Via Party Discovery is Grounds to Quash a Subpoena.

Courts around the country have also concluded that where the information sought via a third-party subpoena is also accessible via party discovery, the failure to exhaust party discovery options first warrants quashing the subpoena. *See, e.g., Enviropak Corp. v. Zenfinity Capital, LLC*, No. 4:14CV00754 ERW, 2014 WL 4715384, at *4 (E.D. Mo. Sept. 22, 2014) (finding that information should first be sought from the Plaintiff before engaging in third-party discovery); *Ingersoll v. Farmland Foods, Inc.*, No. 10-6046-CV-SJ-FJG, 2011 WL 1131129 at *8 (W.D. Mo. March 28, 2011) (finding the discovery sought from the non-party to be "overly broad and unduly burdensome" and citing FRCP 26(b)(2)(C)(i)) ("[W]hile non-party discovery can be undertaken, at this point in time there is no indication that plaintiffs cannot get the same or similar information from defendant[.]"); *General Parts Dist., LLC v. Perry,* No. 12-mc-93 (SRN/SER), 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[I]t may be appropriate to prohibit a party from obtaining discovery from a non-party if that same discovery is available from another party to the litigation."); *Precourt v. Fairbank Reconstruction Corp.,* 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena."); *Cantrell v. U.S. Bioservices Corp.,* No. 09-mc-0158-CV-W-GAF, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009) (finding that a subpoena directed to a non-party was unduly burdensome when the requested documents could be obtained

from the opposing party); *Haworth, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993) ("The district court could properly require Herman Miller to seek discovery from its party opponent before burdening the nonparty Allsteel with this ancillary proceeding."); *Davis v. Pinterest,* No. 19-cv-07650-HSG (TSH), 2021 WL 3044958, at *3 (N.D. Cal. July 20, 2021); *Soto v. Castlerock Framing & Transp., Inc.,* 282 F.R.D. 492, 505 (E.D. Cal. 2012); *Genus Lifesciences Inc. v. Lannett Co., Inc.*, No. 18-cv-07603-WHO, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019).

      **D.    Quashing Subpoenas Seeking Information Protected by Work Product and/or Common Interest**

      Federal Rule of Civil Procedure 45(d) also provides that a district court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Courts have routinely held that work product and/or common interest protection applies to materials shared with a potential or actual litigation financing source. *See, e.g.*, *Art Akaine*, 2020 WL 5593242, at *6; *Cont'l Circuits LLC v Intel Corp.*, 435 F. Supp. 3d 1014, 1021 (D. Ariz. 2020); *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298, at *2 (N.D. Ill. Dec. 5, 2019); *Lambeth Magnetic Structures, LLC v Seagate Tech. (US) Holding, Inc.*, No. 16-CV-0538, 2018 WL 466045, at *5 (W.D. Pa. Jan. 18, 2018); *Viamedia, Inc. v Comcast Corp.*, No. 16-cv-5486, 2017 WL 2834535, at *3 (N.D. Ill. June 30, 2017); *Odyssey Wireless, Inc. v. Samsung Elecs. Co.*, No. 3:15-cv-01738-H (RBB), 2016 WL 7665898, at *6 (S.D. Cal. Sept. 20, 2016); *United States v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543, 2016 WL 1031157, at *6 (E.D. Tex. Mar. 15, 2016); *Carlyle Inv. Mgmt. L.L.C. v. Moonmouth Co. S.A.*, No. CV 7841-VCP, 2015 WL 778846, at *10 (Del. Ch. Feb. 24, 2015); *Miller*, 17 F. Supp. 3d at 739; *Walker Digital, LLC v Google, Inc.*, 2013 WL 9600775, at *1 (D.

Del. Feb. 12, 2013); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 1714304, at *3 (E.D. Tex. May 4, 2011).

## IV.    ARGUMENT

DTNA's subpoenas seek documents and testimony concerning EPS's litigation financing transaction with LUSC 22-B that are not relevant to any party's claim or defense.  In addition, DTNA's subpoenas seek such materials from LUSC 22-B, a third-party, without first attempting to seek them from EPS, a party to the case.  By seeking a wide range of such irrelevant materials, and failing to exhaust its remedies with EPS first, DTNA's subpoenas present an undue burden to LUSC 22-B and should be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv). In addition, many of the requests and deposition topics in DTNA's subpoenas seek information that is protected by the work product and/or common interest doctrines, and DTNA's subpoenas should therefore also be quashed under Federal Rule of Civil Procedure 45(d)(3)(A)(iii).

### A.    DTNA's Subpoenas Should Be Quashed Because They Present an Undue Burden on LUSC 22-B By Seeking Irrelevant Information.

DTNA's subpoenas to LUSC 22-B seek information concerning LUSC 22-B's financing arrangement with EPS.  *See, e.g.*, Ex. 1 at Request Nos. 6 (seeking "All Documents Concerning an Agreement dated as of September 29, 2022 relating to the Patent-in-Suit or any Related Patent"), 7 (seeking "All Documents Concerning payments or other consideration made by or transferred in any manner by You to EPS . . . "), 11-12 (seeking similar documents concerning payments/investment), 13 (seeking "All Documents Concerning any agreements relating to the enforcement of the Patent-in-Suit, the funding of This Litigation or the distribution of proceeds, if any, from This Litigation; *see also, e.g.*, Ex. 2 at Topic Nos. 4, 5, 10-12 (seeking testimony concerning similar issues).  Similarly, DTNA's subpoenas seek documents and information related to negotiation of and due diligence concerning the financing transaction.  *See, e.g.*, Ex. 1

at Request Nos. 1-3 (seeking communications between EPS and LUSC 22-B), 14 (seeking "All Documents Concerning any discussions, meetings, presentations, or Communications regarding any accused DTNA product or This Litigation"), 15 (seeking "Documents sufficient to detain any pre-suit research, testing, or analysis of DTNA's radiator products for potential infringement of the Patent-in-Suit); *see also, e.g.*, Ex. 2 at Topic Nos. 1-3, 9, 13, 14 (seeking testimony concerning similar issues). That discovery is not relevant to any claim or defense at issue in EPS's infringement case against DTNA and is therefore not discoverable. *See Art Akaine*, 2020 WL 5593242, at *6; *United Access*, 2020 WL 3128269, at *2; *In re Valsartan*, 405 F. Supp. 3d at 615; *Benitez*, 2019 WL 1578167, at *1; *MLC*, 2019 WL 118595, at *2; *Space Data*, 2018 WL 3054797, at *1; *AVM*, 2017 WL 1787562, at *3; *VHT*, 2016 WL 7077235, at *1; *Kaplan*, 2015 WL 5730101, at *5; *Miller*, 17 F. Supp. 3d at 721.

During party discovery (and during a meet-and-confer related to this motion), DTNA alleged that information concerning LUSC 22-B's financing transaction with EPS is relevant to standing. Ex. 8 at 1-2; Ginnings Decl., ¶ 15. Courts have rejected this argument for disclosure of litigation funding information. *MLC*, 2019 WL 118595, at *1; *VHT*, 2016 WL 7077235, at *1. Moreover, as EPS has explained, the inventor of the Patent-in-Suit is the sole owner of the patent, and EPS is the exclusive licensee of the Patent-in-Suit. Ginnings Decl., ¶¶ 3-5; Exs. 5, 6. And, in its objections to DTNA's subpoenas, LUSC 22-B made clear that it does not have any ownership interest in, or license to, the Patent-in-Suit. Ex. 3 at 11-12.[2] DTNA's standing argument thus lacks any merit and is not a justification for its wide-ranging discovery requests concerning LUSC 22-B's financing arrangement with EPS.

---

[2] Moreover, during meet-and-confer, LUSC 22-B offered to provide assurance of this to DTNA to obviate the need for the far-reaching discovery DTNA seeks through its subpoenas, but DTNA rejected that proposal. Ginnings Decl., ¶ 15.

Similarly, despite DTNA's argument during meet-and-confer (Ginnings Decl, ¶ 16), the discovery DTNA seeks is not relevant to Mr. Catalano's credibility lacks merit. As one court put it, "[t]hat a person has received litigation funding does not assist the factfinder in determining whether or not the witness is telling the truth." *Benitez*, 2019 WL 1578167, at *1 (E.D.N.Y. March 14, 2019).

DTNA's subpoenas also seek general information about LUSC 22-B, its owners, and its business. Ex. 1 at Request Nos. 8, 9; Ex. 2 at Topic Nos. 6, 7. That information has no relevance to any claim or defense at issue in EPS's infringement case against DTNA. DTNA has never offered any reason for the alleged relevance of this information.

DTNA's subpoenas also seek documents and information from LUSC 22-B concerning infringement, invalidity, and damages issues in EPS's case against DTNA. For example, DTNA requests documents concerning any invalidity assertions by third parties (Ex. 1 at Request No. 16) and damages calculations (*id.* at Request No. 17). DTNA also seeks testimony from LUSC 22-B concerning infringement issues (Ex. 2 at Topic Nos. 15 (requesting testimony concerning the allegation that DTNA's products meet the "sacrificial anode" limitation of the asserted claims), 16 (requesting testimony concerning non-infringing products), 20), invalidity issues (*id.* at Topic Nos. 17 (requesting testimony concerning features of products sold before the priority date of the Patent-in-Suit), 18 (requesting testimony concerning invalidity assertions)), and damages issues (*id.* at Topic Nos. 19 (requesting testimony concerning damages calculations), 21 (requesting contention testimony from LUSC 22-B on comparable licenses)). Any responsive documents and information LUSC 22-B has related to any of these requests is related to its financing transaction with EPS, and is thus irrelevant to any party's claims or defenses for the same reasons discussed above. Moreover, any information LUSC 22-B may have related to these contention issues as a

result of its financing transaction with EPS is protected by the work product and common interest doctrines, as discussed below.[3]  Discovery into that information is thus improper as well.[4]

Even aside from the overwhelming case law supporting the irrelevance of the discovery DTNA seeks from LUSC 22-B, DTNA has made no effort to demonstrate how the discovery it requests is relevant under Federal Rule of Civil Procedure 26(b)'s relevance and proportionality standard.  *See, e.g.*, *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016) ("A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1).  [. . .]  [T]he subpoenaing party must demonstrate that its requests fall within the general scope of discovery defined in Rule 26(b)(1)."); *see also* Fed. R. Civ. P. 26(b)(1).

Finally, despite DTNA's obligation to minimize the burden on LUSC 22-B in responding to DTNA's subpoenas (*see* Fed. R. Civ. P. 45(d)(1)), DTNA's kitchen-sink of requests encompass material that EPS has already produced to DTNA or that is publicly available.  *See, e.g.*, Ex. 1 at Request Nos. 4 (encompassing the Patent-in-Suit and its prosecution history), 5 (encompassing a security interest that is publicly available from USPTO records and that has been produced to DTNA), 17 (encompassing damages-related discovery DTNA has requested from EPS); Ex. 2 at Topic Nos. 19, 21 (same).

---

[3] Also, as to certain requests/topics (*i.e.*, Request Nos. 16, 18, and 19 and Topic Nos. 9, 18, and 22), LUSC 22-B has indicated in its objections that it has investigated and determined it does not have any responsive information.  That should end the inquiry into those requests/topics.

[4] The remaining requests in DTNA's subpoenas relate to LUSC 22-B's document retention policies (Ex. 1 at Request No. 20; Ex. 2 at Topic No. 23) and to efforts to prepare to testify concerning the deposition topics (Ex. 2 at Topic. No. 24).  Topic No. 24 in Ex. 2 is moot because there is no relevant and non-protected information for LUSC 22-B to offer testimony on, and thus no responsive information concerning any witness's preparation to testify.  And, any document retention policies of LUSC 22-B are not relevant because none of the documents and information LUSC 22-B has is relevant and/or is protected by work product and common interest.

Therefore, because all of the requests in DTNA's subpoenas seek information that is irrelevant to any party's claims or defenses, the Court should quash DTNA's subpoenas for subjecting LUSC 22-B to undue burden.  *See* Fed. R. Civ P. 45(d)(3)(A)(iv).

**B.      DTNA's Subpoenas Should be Quashed Because DTNA Did Not Exhaust Its Options With EPS, a Party to the Case, Before Seeking the Information that is the Subject of the Non-Party Subpoenas.**

Courts have routinely quashed subpoenas where the information sought is accessible from a party to the case and the requesting party has failed to exhaust its discovery options with respect to that party.  *See supra,* Section III.C (collecting cases).  As one court reasoned:

> 'In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery.'  'When the requested party has 'not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking documents from a non-party, a subpoena duces tecum places an undue burden on a non-party.'  'Further, 'when an opposing party and a non-party both possess documents, the documents should be sought from the party to the case.'

*Davis*, 2021 WL 3044958, at *3 (internal citations omitted); *see also Soto,* 282 F.R.D. at 505 (collecting cases); *Genus Lifesciences*, 2019 WL 7313047, at *4.

In the present case, DTNA served discovery requests on EPS seeking documents and information about EPS's financing transaction with LUSC 22-B.  Exs. 6-8.  In response to those requests, EPS served objections, informing DTNA that the requested discovery is not relevant to any claims or defenses.  Exs. 6, 7.  DTNA has not met and conferred with EPS regarding these objections and has not moved to compel any such discovery from EPS.  At best, DTNA's subpoenas to LUSC 22-B are premature.  DTNA should first be required to exhaust its options with respect to EPS before resorting to inconveniencing a non-party, LUSC 22-B, seeking information that is in the possession of EPS.   For this additional reason, the subpoenas should be quashed.

**C.** **DTNA's Subpoenas Should Be Quashed Because They Seek Information Protected by the Work Product and/or Common Interest Doctrines.**

DTNA's subpoenas should also be quashed for seeking documents and information that is protected by the work product and/or common interest doctrines. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii). For example, DTNA's subpoenas seek the agreements between EPS and LUSC 22-B (Ex. 1 at Request Nos. 5, 6, 13; Ex. 2 at Topic No. 12), communications and discussions between EPS and LUSC 22-B (Ex. 1 at Request Nos. 1-3, 14; Ex. 2 at Topic Nos. 1-3, 13), documents and testimony concerning pre-suit investigations and/or testing (Ex. 1 at Request No. 15; Ex. 2 at Topic No. 14), and information about payments under the financing arrangement (Ex. 1 at Request Nos. 7, 11; Ex. 2 at Topic Nos. 4, 5, 10). Courts have routinely held that work product and/or common interest protection applies to such materials. *See, e.g.*, *Art Akaine*, 2020 WL 5593242, at *6; *Cont'l Circuits*, 435 F. Supp. 3d at 1021; *Fulton*, 2019 WL 6609298, at *2; *Lambeth*, 2018 WL 466045, at *5; *Viamedia*, 2017 WL 2834535, at *3; *Odyssey Wireless*, 2016 WL 7665898, at *6; *Ocwen Loan Servicing*, 2016 WL 1031157, at *6; *Carlyle Inv. Mgmt.*, 2015 WL 778846, at *10; *Miller*, 17 F. Supp. 3d at 739; *Walker Digital*, 2013 WL 9600775, at *1; *Mondis Tech.*, 2011 WL 1714304, at *3. There has been no waiver of that work product or common interest protection by disclosure of any documents or information to any third party. The Court should therefore quash DTNA's subpoenas for that reason as well.

**D.** **The Motion to Quash Should be Transferred to the WDNC.**

Fed. R. Civ. P. 45(f) permits transfer of the instant Motion to the WDNC, where the underlying patent litigation between EPS and DTNA is pending, if the person subject to the subpoena, LUSC 22-B, consents to transfer <u>or</u> if exceptional circumstances warrant transfer. *LUSC 22-B consents to transfer of the Motion to the WDNC.* This should end the analysis and the Motion should be transferred.

In addition, while the Court need not engage in the exceptional circumstances analysis given LUSC 22-B's consent, a number of the factors underlying this analysis also warrant transfer. In the Third Circuit, courts "have looked at a number of factors in determining whether there are exceptional circumstances to transfer a matter under Rule 45(f): whether the issuing court set discovery deadlines, it has ruled on similar discovery issues, there is a risk of inconsistent orders, and the non-party has some connection to the proceeding." *Genesis Abstract, LLC v. Bibby*, No. 17-302 (RBK/AMD), 2017 WL 1382023, at *2 (D.N.J. Apr. 18, 2017); *see also In re Bestwall LLC,* No. 21-141-CFC, 2022 WL 4465202, at *5 (D. Del. Sept. 26, 2022) (transferring motion to quash under exceptional circumstances analysis noting that the risk of inconsistent rulings, which can be present when the same issues are likely to arise in multiple districts, supports transfer under Rule 45(f)); *North Atlantic Op. Co., Inc. v. Dunhuang Group*, No. 18-mc-154-LPS, 2018 WL 3381300, at *1-3 (D. Del. July 11, 2018) (transferring motion to quash under exceptional circumstances analysis where there was a time-sensitive discovery deadline and transfer would promote judicial economy and avoid the risk of inconsistent rulings).

Applied to the facts in the present case, these factors weigh in favor of transfer. The WDNC has set a discovery deadline of March 17, 2023, less than 30 days away.[5] Ginnings Decl., ¶ 18; Litigation Order (Oct. 4, 2022) (ECF 62). If LUSC 22-B's motion to quash is denied, an extension of the discovery deadline will be needed to comply with the subpoenas, an issue that should be decided by the WDNC. *See North Atlantic*, 2018 WL 3381300, at *2 (granting transfer where there was time-sensitive discovery deadline in underlying litigation).

---

[5] The Patent Security Agreement disclosing LUSC 22-B was publicly recorded on October 17, 2022. Despite this, DTNA waited until February 9, 2023, nearly four months, to serve the subpoenas that are the subject of the present motion.

14

In addition, the core information sought by DTNA in the subpoenas to LUSC 22-B has also been sought via party discovery with EPS. DTNA has indicated that it may file a motion to compel this information from EPS in the WDNC, presenting a risk of inconsistent orders on the same issue if the instant motion is not transferred. *See Id.* (noting that risk of inconsistent rulings on same issue supports transfer); *In re Bestwall*, 2022 WL 4465202, at *5 (same).

Lastly, LUSC 22-B has a connection to the WDNC proceeding as it is funding the proceeding. As such, this factor also weighs in favor of transfer.

In sum, the present motion to quash should be transferred to the WDNC. LUSC 22-B has consented to transfer, which should end the inquiry. Further, while the exceptional circumstances analysis does not apply here, given LUSC 22-B's consent to transfer, the factors underlying the analysis also tellingly support transfer.

## V. CONCLUSION

For the reasons discussed above, the Court should quash DTNA's subpoenas to LUSC 22-B, both because they subject LUSC 22-B to undue burden by seeking irrelevant information and because they seek information protected by the work product and/or common interest doctrines. In addition, because LUSC 22-B consents to transfer of this motion to the WDNC, LUSC 22-B respectfully requests that this Court transfer the motion to that court for resolution.

Dated: February 20, 2023

OF COUNSEL:

Timothy E. Grochocinski
Illinois Bar No. 6295055
C. Austin Ginnings
New York Bar No. 4986691
NELSON BUMGARDNER CONROY PC
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
P. 708.675.1974
tim@nelbum.com
austin@nelbum.com

EDWARD R. NELSON III
Texas Bar No. 0079714
NELSON BUMGARDNER CONROY PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
P. 817.377.9111
ed@nelbum.com

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*ATTORNEYS FOR NON-PARTY*
*LIT-US CHISUM 22-B LLC*